IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER FREEMAN,
    Plaintiff,

v.                                 CASE NO.: 3:12cv27/RV/CJK

OCWEN LOAN SERVICING, LLC,
    Defendant.
_____

## ORDER AND REPORT AND RECOMMENDATION

The defendant, Ocwen Loan Servicing, LLC ("Ocwen"), has removed this action to the United States District Court (doc. 1), and has moved to dismiss the complaint. (Doc. 6)  Plaintiff, Luther Freeman, has filed a response (doc. 9) which the court has construed as a motion for remand,[1] and Ocwen has responded to that motion (doc. 11).  Upon consideration, I will deny the motion for remand, and will recommend that the complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

According to FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2), "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  FEDERAL RULE OF CIVIL

---

[1] The document states: "I, Luther Freeman are requesting that you please your Honor Mr. Charles J. Kahn Jr., (United States Magistrate, Judge) redirect this case back to civil court please."

PROCEDURE 12(b)(6) provides for a motion to dismiss a complaint where the complaint fails "to state a claim upon which relief may be granted . . . ."  As stated recently in this district:

> A motion to dismiss for failure to state a claim necessarily implicates an analysis of the complaint under Federal Rule of Civil Procedure 8(a) to determine whether the complaint's allegations constitute a claim for relief.  Fed.R.Civ.P. 8(a).  Under 8(a) a pleading need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Id*.  The standard is a liberal one with the emphasis placed on whether the complaint affords the defendant sufficient notice of what the claim is and its grounds.  *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir.2005) (*quoting United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003)). . . .  The benchmark is whether the complaint identifies the claims with sufficient clearness to allow a response.

*Pfeil v. Sprint Nextel Corp.*, 504 F. Supp. 2d 1273, 1275-76 (N.D. Fla. 2007).

The controlling law on sufficiency of a claim for relief recognizes, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In order to survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but must certainly "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Particularly important for the present analysis, and hopefully to aid in *pro se* plaintiff's understanding, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  Bare legal theories will never suffice.  Instead, plaintiff must set out comprehensible

factual matters sufficient to satisfy the requirements of *Iqbal* and *Twombly*. The complaint here does not reach even the low bar of RULE 8, as explained in *Iqbal* and *Twombly*. A litigant, even one represented by the finest counsel, could not reasonably construe the document so as to allow a responsive pleading.

The complaint filed by Mr. Freeman is entitled "Complaint Asserting TILA Disclosure Violations, RESPA Violations and Deceptive Practices." Without setting out any factual matter, the complaint alleges at paragraphs four through fourteen that Ocwen has violated "RESPA," "Truth in Lending Act (TILA)," "Home Ownership and Equity Protection Act (HOEPA)," "Real Estate Settlement Procedures Act," Fair Debt Collection Procedures Act," "Fair Credit Reporting Act," and has failed to comply with "FHA pre-foreclosure requirements." Plaintiff also includes a number of conclusory allegations concerning various failures on Ocwen's part.

Ocwen states, in the motion to dismiss, that it construes plaintiff's assertions as claims that Ocwen should not be allowed to foreclose on real property located at 842 Belair Road, Pensacola, Florida. Read liberally, but allowing some leeway for surmise, the sum of Mr. Freeman's allegations seems to be in the nature of affirmative defenses to a pending or impending foreclosure action on his real estate, perhaps his home. If that is the case, the matters raised here would be more properly raised in the state court foreclosure action. Unfortunately, the allegations made by Mr. Freeman do not state any sort of claim for relief, cognizable under RULE 8(a)(2). I must, therefore, recommend the complaint be dismissed. Given this, I do not reach the remaining defensive matters set out by Ocwen in its motion to dismiss.

Having liberally construed Mr. Freeman's response as a motion for remand, I must deny that. Mr. Freeman filed this action in the Circuit Court for Escambia

County, Florida.  As for his purported causes of action, however, he identified a number of federal statutes, as set out above.  Ocwen further points out that in his response to the motion to dismiss, Mr. Freeman reiterated his belief that Ocwen violated, or conspired to violate, federal laws.[2]  Also, Mr. Freeman has not shown, or even claimed, that the violations he endeavors to allege are anything other than federal statutory violations (at least as to those claims relying upon statutes).  Accordingly, I am constrained to agree that the complaint raises federal questions on its face, and removal was not improper.  *See* 28 U.S.C. §§ 1331, 1441(a).  Remand must be denied.  Mr. Freeman should be aware, however, that he is entitled to plead his claims (unless he has been otherwise barred by default or procedural missteps) as affirmative defenses in a state court foreclosure action.  The state court will also, however, require a factual showing as support.

It is, accordingly, ORDERED:

The Response to Order (doc. 9), construed as a motion for remand, is DENIED.

It is further respectfully RECOMMENDED:

1. The complaint be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. The clerk be directed to close the file.

At Pensacola, Florida this 24th day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] The response claims, "let's not forget OCWEN LOAN SERVICING knowingly [sic] that LITTON LOAN SERVICES had violated federal laws against Luther Freeman and the federal laws and company were very determined to represent LITTON LOAN SERVICING."

*Case No: 3:12cv27/RV/CJK*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).